# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DRAYON CONLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-4-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Drayon Conley appeals the 96-month, above-guidelines prison sentence imposed following his guilty plea conviction for being a felon in possession of a firearm.  18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2).  We affirm.

Reviewing for plain error, we reject Conley's argument that his base offense level was assigned erroneously because the district court ignored *Descamps v. United States*, 133 S. Ct. 2276 (2013), and impermissibly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10550

considered state court documents and the definition of deliver set forth in Texas Health & Safety Code Annotated § 481.002(8) to find that his prior conviction under Texas Health & Safety Code Annotated § 481.112(a) constituted a controlled substance offense under U.S.S.G. § 2K2.1(a)(4)(A). *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Conley's arguments, if not foreclosed, are unsettled and at least subject to reasonable dispute. *See United States v. Teran-Salas*, 767 F.3d 453, 459 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015). A claim subject to reasonable dispute cannot succeed on plain error review. *Puckett*, 556 U.S. at 135; *United States v. Phea*, 755 F.3d 255, 263 (5th Cir.), *cert. denied*, 135 S. Ct. 416 (2014).

Next, reviewing for abuse of discretion, we reject Conley's argument that his 96-month prison sentence is substantively unreasonable. It was permissible for the district court to consider that Conley had previously received lenient sentences in making its sentencing determination. *See United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004). The district court's imposition of an above-guidelines sentence based on Conley's lengthy criminal history and the lenient sentences he previously received was not unreasonable. *See id.*; *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Furthermore, the amount of the variance, 25 months above the top of the guidelines range, was not unreasonable. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011) (collecting cases). Conley has not shown that the district court abused its discretion in selecting a 96-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006).

AFFIRMED.